# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PNC BANK, NATIONAL ASSOCIATION,<br><br>                Plaintiff,<br><br>v.<br><br>FARIS ABUSHARIF, PAIN TREATMENT SURGICAL SUITES, LLC, PAIN TREATMENT CENTERS OF ILLINOIS, LLC, MMN SHARIF, INC.,<br><br>                Defendants. | Case No. 19 cv 06116<br><br>District Judge: John Z. Lee<br><br>Magistrate Judge: Young B. Kim |

## PLAINTIFF'S MOTION FOR CONDITIONAL JUDGMENT AGAINST SILVER CROSS HOSPITAL

Plaintiff, PNC Bank, National Association (the "Plaintiff"), by its attorneys, Carlson Dash, LLC, pursuant to Federal Rule of Civil Procedure 69, 735 ILCS 5/2-1402 and 735 ILCS 5/12-706 hereby moves this Court for a conditional judgment in favor of Plaintiff and against Silver Cross Hospital in the amount of $376,355.42. In support of this Motion, Plaintiff states as follows:

1. On November 26, 2019, this Court entered judgment in favor of the Plaintiff and against Faris Abusharif in the amount of $374,785.67 (the "Judgment Amount"). See Judgment Order, attached as **Exhibit A**.

2. On January 13, 2020, the Clerk of the Court issued a Citations to Discover Assets to a Third-Party Silver Cross Hospital (the "Third-Party Citation"). Silver Cross Hospital is believed to a hospital which contracts with Dr. Abusharif. See Third Party Citation attached as **Exhibit B**.

3. On January 17, 2020, Silver Cross Hospital was served with the Third-Party Citation. A copy of the proof of service is attached as **Exhibit C**.

1

4. The Third-Party Citation was returnable on February 13, 2020. Silver Cross Hospital has failed to answer or otherwise respond to the Third-Party Citation.

5. Federal Rule of Civil Procedure 69 provides, among other things, that procedures for collecting a monetary judgment must accord with the state where the court is situated. F.R.C.P. 69(a)(1).

6. 735 ILCS 5/2-1402 controls supplementary proceedings in Illinois and provides in part that:

> (k-3) The court may enter any order upon or judgment against the respondent cited that could be entered in any garnishment proceeding under Part 7 of Article XII of this Code. This subsection (k-3) shall be construed as being declarative of existing law and not as a new enactment.

7. 735 ILCS 5/12-706 sets forth, in pertinent part:

> Sec. 12-706. Conditional judgment. (a) When any person summoned as garnishee fails to appear and answer as required by Part 7 of Article XII of this Act, the court may enter a conditional judgment against the garnishee for the amount due upon the judgment against the judgment debtor. A summons to confirm the conditional judgment may issue against the garnishee, returnable in the same manner as provided in Section 12-705 of this Act, commanding the garnishee to show cause why the judgment should not be made final.
> (735 ILCS 5/12-706).

8. Interest has accrued on the Judgment Amount since the entry of the judgment on. To date, statutory interest in the amount of $1,569.79 has accrued. The total amount due and owing to Plaintiff to date is $376,355.42.

9. Plaintiff requests this Court enter a conditional judgment against Silver Cross Hospital and in favor of Plaintiff in the amount of $376,355.42.

WHEREFORE, for the foregoing reasons, Plaintiff PNC Bank, National Association respectfully requests the Court:

(1) grant its Motion for Conditional Judgment against Silver Cross Hospital;

(2) Allow for a summons confirm the conditional judgment to be issued;

(3) enter a conditional judgment against Silver Cross Hospital and in favor of Plaintiff in the amount of $376,355.42, and

(4) grant such other and further relief as is just.

**PNC BANK, NATIONAL ASSOCIATION**

By: /s/ *Martin J. Wasserman*
　　　One of its Attorneys

Martin J. Wasserman ARDC #6294040
**CARLSON DASH, LLC**
216 S. Jefferson, Suite 504
Chicago, Illinois 60661
Telephone: 312-382-1600
E-mail: mwasserman@carlsondash.com